518 F.2d 788
 90 L.R.R.M. (BNA) 2355, 77 Lab.Cas. P 10,882
 NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
DECATURVILLE SPORTSWEAR CO., INC., et al., Respondents.
DECATURVILLE SPORTSWEAR CO., INC., et al., Petitioners,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent,
Ladies' Garment Workers' Union, AFL-CIO, Intervenor.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
MARLENE INDUSTRIES CORPORATION et al., Respondents,
International Ladies' Garment Workers' Union, AFL-CIO, Intervenor.
MARLENE INDUSTRIES CORPORATION, et al., Petitioners,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent,
Ladies' Garment Workers' Union, AFL-CIO, Intervenor.
FRISCO SPORTSWEAR CO., INC. and C. M. Jones, Petitioners,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent,
Ladies' Garment Workers' Union, AFL-CIO, Intervenor.
AYNOR MANUFACTURING COMPANY, INC., et al., Petitioners,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent,
Ladies' Garment Workers' Union, AFL-CIO, Intervenor.
 Nos. 18064, 18154, 18249, 18250, 18256.
 United States Court of Appeals,
Sixth Circuit.
 May 23, 1975.
 
 Charles H. White, Gullett, Steele, Sanford & White, Nashville, Tenn., for petitioners in Nos. 18064, 18249, 18250, 18256 and respondents in No. 18154.
 Robert I. Cole, Murfreesboro, Tenn., for respondents in No. 18154.
 Elliott Moore, Deputy Associate Gen. Counsel, Warren M. Davison, Paul Elkind, Charles N. Steele, A. Donald Rhoads, N. L. R. B., Washington, D. C., John J. A. Reynolds, Jr., Director, Region 26, N. L. R. B., for N. L. R. B.
 Morris P. Glushien, New York City, for Intervenor, Intl. L. G. W. U.
 Before CELEBREZZE, PECK and LIVELY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner originally brought this action in September 1971, seeking to have Respondents held in civil contempt for failure to comply with this Court's judgment in Decaturville Sportswear Co. v. NLRB, 406 F.2d 886 (6th Cir. 1969). That judgment granted enforcement of a Board order requiring Respondents to cease and desist from unfair labor practices in connection with ongoing unionization activity at Respondents' various clothing manufacturing plants. By order of this Court the matter was referred to a Special Master, the Honorable Harry W. Wellford, United States District Judge for the Western District of Tennessee.
 
 
 2
 The case has now returned to this Court on exceptions taken by both the Board and Respondents to the findings of fact, conclusions of law and recommendations of the Special Master, as set out in two lengthy memorandums, dated October 5, 1973, and June 12, 1974. The Board accepts the Special Master's findings of fact but challenges a number of his conclusions of law. Respondents, for the most part, challenge a number of the Special Master's findings of fact as clearly erroneous.
 
 
 3
 Briefly summarized, the situation out of which this dispute arose is as follows. On June 23, 1970, Nelson Rushing, an employee in the pressing department of the Decaturville, Tennessee plant, was discharged. The Master concluded that he was discharged because of insubordination. The Board contends that Rushing's union proclivities were at least part of the reason for Rushing's discharge.
 
 
 4
 Rushing's discharge prompted a walkout of approximately fifty fellow pressers. These employees were then discharged. However, the Company sent each a letter the following day offering full reinstatement. The Special Master concluded that the pressers were not justified in demanding that Rushing be reinstated and therefore their discharge was also not improper. The Special Master noted that in light of the reinstatement offer equity would not dictate reinstatement even if the employees had been unreasonably discharged. The Company's refusal to hire certain applicants or to rehire or reinstate various other striking employees was also found proper by the Special Master.
 
 
 5
 Following the discharge of the Decaturville pressers some employees went out on strike at the Company's Loris and Frisco plants, in South Carolina and Alabama. The Special Master concluded that the strikers at these plants were striking, at least in part, for their own economic reasons and therefore their walkout without notice to the Company and without making any effort to advise management of the nature of their grievance was not protected activity under the Act.
 
 
 6
 To hold Respondents in civil contempt we must find clear and convincing evidence in the record which proves that Respondents have violated a judgment of this Court. NLRB v. Lynair, Inc., 380 F.2d 286 (6th Cir. 1967), NLRB v. Local 5881, United Mine Workers of America, 323 F.2d 853 (6th Cir. 1963).
 
 
 7
 A review of the record of this case, including the exceptions to the Special Master's Report, and the briefs filed in support of those exceptions fails to convince this Court that the Special Master's findings, which were based on two years of fact finding were clearly erroneous.
 
 
 8
 The Special Master's mere mention of impermissible motives possibly playing some role in the dismissal of Rushing and other employees hardly rises to the level of clear and convincing evidence of impermissible dismissals justifying a finding of civil contempt. A contempt proceeding is a setting very different from a normal proceeding for the enforcement of a Board order. The burden imposed by the clear and convincing evidence standard is heavy. The Board has failed to demonstrate that the Special Master erred in his findings or conclusions.
 
 
 9
 The findings, conclusions and recommendations of the Special Master are hereby adopted.
 
 
 10
 Each party to bear own costs.