573 F.2d 929
 98 L.R.R.M. (BNA) 2837, 84 Lab.Cas. P 10,718
 DECATURVILLE SPORTSWEAR COMPANY, INC., Marlene Industries
Corporation, Trousdale Manufacturing Company, Inc.,
Westmoreland Manufacturing Corporation, Aynor Manufacturing
Company, Inc., Loris Manufacturing Company, Inc., Petitioners,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
 No. 78-1005.
 United States Court of Appeals,
Sixth Circuit.
 March 30, 1978.
 
 Charles Hampton White, Nashville, Tenn., for petitioners.
 Elliott Moore, Deputy Associate Gen. Counsel, N.L.R.B., Washington, D. C., Raymond A. Jacobson, Director, Region 26, N.L.R.B., Memphis, Tenn., for respondent.
 Before CELEBREZZE, PECK and LIVELY, Circuit Judges.
 
 ORDER
 
 1
 This cause is before the Court on a petition to review and stay an order of the respondent Board entered September 16, 1977, directing a reopening of the record and the scheduling of a further administrative hearing on an unfair labor practice complaint lodged against the petitioning companies, and upon the motions of the respondent to dismiss the petition to review, deny the stay, and to issue an order clarifying its opinion in N.L.R.B. v. Decaturville Sportswear Co., Inc., 518 F.2d 788 (6th Cir.), cert. denied 423 U.S. 913, 96 S.Ct. 217, 46 L.Ed.2d 141 (1975). Petitioners have also filed a request for oral argument and their brief in support of their petition.
 
 
 2
 Petitioners have taken the position that the issues in the upcoming hearing on the unfair labor practices question have already been disposed of by the application of the doctrines of res judicata and collateral estoppel to the holding of this Court in the case cited above, wherein we found Decaturville not to be in contempt of the prior order of this Court in Decaturville Sportswear Co., Inc. v. N.L.R.B., 406 F.2d 886 (6th Cir. 1969).
 
 
 3
 Upon consideration of the motions and supporting memoranda of the parties, it is the conclusion of the Court that the September 16, 1977 order of the Board is not a final order within the meaning of § 10(f) of the National Labor Relations Act, 29 U.S.C. § 160(f). The Court further finds that upon the conclusion of the administrative hearing and the issuance of a proper order by the Board, the petitioners, if still aggrieved, will be able to seek review in this Court.
 
 
 4
 It is therefore ORDERED that the petition for review be, and it hereby is dismissed. It is further ORDERED that the motion for a stay be, and it hereby is, denied and it is ORDERED that the motion for an order of clarification be, and it hereby is, denied.