**HITACHI ZOSEN CLEARING, INC.,**
**Plaintiff-Appellee,**

v.

**TEK–MATIK, INC.,**
**Defendant-Appellant.**

**No. 87–1338.**

United States Court of Appeals,
Sixth Circuit.

Argued and Submitted March 4, 1988.

Decided May 4, 1988.

---

Barry M. Rosenbaum, Goldstein, Serlin, Eserow, Rosenbaum & Baker, P.C., Southfield, Mich., for defendant-appellant.

S. Thomas Wienner, Alan M. Greene (argued), William J. Vincent, Detroit, Mich., for plaintiff-appellee.

Before RYAN, Circuit Judge, PECK and BROWN, Senior Circuit Judges.

BAILEY BROWN, Senior Circuit Judge.

This is an action for breach of contract wherein plaintiff Hitachi Zosen Clearing, Inc. ("Clearing") alleges, *inter alia,* that defendant Tek–Matik, Inc. ("Tek–Matik") failed to complete the manufacture of seven automobile production machines and to timely deliver the machines to Clearing in accordance with the parties' contract. Clearing was under contract with an automobile manufacturer to construct an assembly line in which the Tek–Matik machines would be integral parts. On March 31, 1987, the District Court for the Eastern District of Michigan entered a memorandum opinion and order granting Clearing's motion for a preliminary injunction ordering Tek–Matik to deliver the machines, both complete and partially complete, to Clearing. Clearing would then be able to complete the manufacture of the unfinished machines. As security for the injunction, the court required Clearing to pay to Tek–Matik's bank $456,000 (the amount Tek–Matik asserts is the balance that would be due it under the contract, after deducting what Tek–Matik estimates will be the cost to complete the unfinished machinery). The court also required Tek–Matik's bank, as a condition to the receipt of Clearing's payment, to issue Clearing a $456,000 letter of credit as security in the event that Clearing's cost to complete the unfinished machinery exceeds the amount Tek–Matik estimated would be the cost of completing the machinery.

Tek–Matik now appeals from the order, entered pursuant to Federal Rule of Civil Procedure 65, granting Clearing's motion for a preliminary injunction. Tek–Matik, however, does not challenge the propriety of the preliminary injunction itself. Instead, Tek–Matik appeals only from that part of the order requiring the security arrangement fashioned by the district court. More specifically, Tek–Matik appeals that portion of the security arrangement conditioning Clearing's payment of the $456,000 to Tek–Matik upon Tek–Matik's securing a letter of credit in favor of Clearing. Finding the absence of appellate jurisdiction, we dismiss Tek–Matik's appeal.

Tek–Matik bases jurisdiction for this appeal on 28 U.S.C. § 1292(a)(1), which provides, in pertinent part:

(a) Except as provided in subsections (c) and (d) of this section, the court of appeals shall have jurisdiction of appeals from:

(1) Interlocutory orders of the district courts of the United States, ... granting, continuing, modifying, refusing, or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court....

The Second Circuit has had cause to address the issue of whether a security requirement for a preliminary injunction is an immediately appealable, interlocutory order within the meaning of 28 U.S.C. § 1292(a)(1), and has held that it is not. *United States v. Bedford Assocs.,* 618 F.2d 904, 916 n. 23 (2d Cir.1980). We concur with the Second Circuit's holding in *Bedford Assocs.,* and conclude that an order requiring the posting of a bond or other security device as a condition to the granting of a preliminary injunction is not an

immediately appealable, interlocutory order as described in 28 U.S.C. § 1292(a)(1).

There is a further question as to whether Tek–Matik's appeal fits within the "collateral order" doctrine announced in *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). In *Cohen*, the Supreme Court gave an expansive reading to 28 U.S.C. § 1291—which permits the immediate appeal of all *final* orders of a district court—so as to allow the appeal of any matter resolved by a district court when: (1) the matter was finally determined by the district court; (2) the matter is "separable from and collateral to, rights asserted in the action"; (3) there is a risk of an important loss if immediate review is not available; and (4) the matter deals with "a serious and unsettled question." *Id.* at 546–47, 69 S.Ct. at 1225–26. *See also*, 15 C. WRIGHT, A. MILLER & H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3911 (West 1976). If the security requirement Tek–Matik is seeking to appeal satisfies the four-pronged "collateral order" test enunciated in *Cohen*, this court has jurisdiction to hear Tek–Matik's appeal despite the fact that the district court's order is not "final" in the usual sense of the word.

The issue of whether prejudgment security devices are immediately appealable under *Cohen* has been extensively litigated. The courts of appeals have uniformly held that orders *granting* such security are *not* immediately appealable under *Cohen*, reasoning that there is no risk of important loss if prejudgment security is granted since the interest of both parties is adequately protected.[1] *I.A.M. Nat. Pension Fund v. Cooper Indus.*, 789 F.2d 21, 25–26 n. 7 (D.C.Cir.1986); *Trustees of Hosp. Mortgage Group v. Compania Aseguradora Interamericana S.A. Panama*, 672 F.2d 250, 251 (1st Cir.1982) (per curiam); *Watson Constr. Co. v. Commercial Union Insur.*, 587 F.2d 22 (8th Cir.1978) (per curiam); *Klein v. Adams & Peck*, 436 F.2d 337, 339 (2nd Cir.1971). The correctness of

this reasoning is borne out by the Supreme Court's decision in *Swift & Co. Packers v. Compania Colombiana Del Caribe, S.A.*, 339 U.S. 684, 70 S.Ct. 861, 94 L.Ed. 1206 (1950), in which the Court held that an interlocutory order vacating an attachment was final and appealable under *Cohen's* collateral order doctrine. Justice Frankfurter, speaking for a unanimous Court, distinguished the denial of a prejudgment attachment motion from an order granting such attachment, stating, "The situation is quite different where an attachment is upheld pending determination of the principal claim. In such a situation the rights of all the parties can be adequately protected while the litigation on the main claim proceeds." *Id.* at 689, 70 S.Ct. at 865.

█ We are in agreement with the other courts of appeals, and conclude that an order granting a motion for a preliminary injunction bond or other security is not immediately appealable under *Cohen.*

We therefore dismiss the instant appeal for lack of jurisdiction.

█

---

1. Similarly, the courts of appeals have almost uniformly held that the *denial* of a prejudgment security *is* immediately appealable since the absence of such security often poses a serious risk of loss to the party seeking the bond. *See* 15 C. WRIGHT, A. MILLER & H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3911 n. 61.