**The CONTINUUM COMPANY, INC.,**
**Plaintiff–Appellant,**

v.

**INCEPTS, INC., ABS Ventures II, and**
**ABA Excelsior II,**
**Defendants–Appellees.**

No. 89–1329.

United States Court of Appeals,
Fifth Circuit.

May 15, 1989.

---

John W. Bickel, II, Francis B. Marjorie, Dallas, Tex., for plaintiff-appellant.

Hubert Crouch, III, E. Stratton Horres, Jr., Gardere & Wynne, Dallas, Tex., for defendants-appellees.

Before RUBIN, GARWOOD, and DAVIS, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

The issue is whether a district court order increasing the amount of a bond to be provided for an interlocutory injunction previously issued and dissolving the injunction for failure to post the increased bond should be stayed pending appeal of the order.

I.

The Continuum Company, Inc. sued Incepts, Inc., and others in Texas state court on April 8, 1987, for alleged appropriations of trade secrets, breaches of contract, and breaches of confidential relationships, contending that Incepts had wrongfully used Continuum's computer-software system. In addition to other relief, Continuum sought an injunction to prevent Incepts' use of the software. After an eleven-week hearing, the Texas court issued a temporary injunction against Incepts, granting most of the relief Continuum had sought on the condition that Continuum post a $200,000 bond for any damages Incepts might suffer if it proved the injunction to have been wrongfully issued. The court also set an expedited trial date for April 11, 1988.

Three weeks before that date, Incepts filed a voluntary petition under Chapter 11 of the Bankruptcy Code, thus automatically

staying the pending suit. After the bankruptcy judge had lifted the stay, Incepts removed the suit from state to federal court.[1]

Nine months later Incepts filed a motion in federal district court to dissolve the injunction or, alternatively, to increase the bond from $200,000 to $5,000,000. The district court entered an order increasing the bond to $2,000,000. Thereafter, on March 30, the district court denied a motion to reconsider, and entered an order continuing the injunction in force on the condition that the bond be increased to $2,000,000. The court also ordered that the injunction be dissolved if Continuum did not file the increased bond by April 14, 1989. On April 11, Continuum appealed this order and sought a stay of that part of the order increasing the bond pending the appeal. We granted a stay pending further orders of the court.

Although the parties have addressed only the question of the appealability of that part of the order increasing the amount of the bond, the entire March 30 order, which also dissolves the injunction, has now taken effect. Continuum appealed this entire order and we, therefore, review all of its provisions, including its dissolution of the injunction. Accordingly, the court has jurisdiction over the appeal pursuant to the provisions of 28 U.S.C. § 1292(a)(1), and the motion to dismiss the appeal for lack of jurisdiction is denied.

## II.

■ Fed.R.Civ.Proc. 65(c) provides that a bond must be posted before a federal court may issue an interlocutory injunction and that the enjoined defendant may recover on the bond if a court later determines that it was "wrongfully enjoined." This bond requirement serves two functions: (1) it assures the enjoined party that it may readily collect damages from the funds posted or the surety provided in the event that it was wrongfully enjoined, without further litigation and without regard to the possible insolvency of the assured,[2] and (2) it provides the plaintiff with notice of the maximum extent of its potential liability, since the amount of the bond "is the limit of the damages the defendant can obtain for a wrongful injunction, ... provided the plaintiff was acting in good faith."[3] The bond can thus be viewed as a contract in which the court and plaintiff "agree" to the bond amount as the "price" of a wrongful injunction.[4]

While a district court's failure to require the posting of a bond or other security constitutes grounds for reversal of the injunction,[5] some courts have waived the security requirement when they have found that the plaintiff was financially responsible[6] or was very likely to succeed on the merits.[7] Courts that have waived the bond requirement have apparently assumed that, should the plaintiff later lose on the merits, the defendant may recover the damages inflicted by the injunction. That assumption was rendered doubtful, however, by the Supreme Court's declaration in *W.R. Grace & Co. v. Local Union 759* that "[a] party injured by the issuance of an injunction later determined to be erroneous has no action for damages in the absence of a bond."[8]

---

**1.** *See* 11 U.S.C. § 362.

**2.** *See Coyne–Delany v. Capital Development Bd.,* 717 F.2d 385, 391 (7th Cir.1983).

**3.** *Id.* at 393; *Buddy Systems, Inc. v. Exer–Genie, Inc.,* 545 F.2d 1164, 1168 (9th Cir.1976), *cert. denied,* 431 U.S. 903, 97 S.Ct. 1694, 52 L.Ed.2d 387 (1977); 11 Wright & Miller § 2973, pp. 652–65; Note, Recovery for Wrongful Interlocutory Injunctions Under Rule 65(c), 99 Harv.L.R. 828, 832–33 (1986).

**4.** Note, 99 Harv.L.Rev. at 833.

**5.** 11 Wright & Miller, Federal Practice & Procedure § 2954, p. 524.

**6.** *See Monroe Div. Litton Business Sys. Inc. v. De Bari,* 562 F.2d 30, 32 (10th Cir.1977); *Continental Co. v. Frontier Refining Co.,* 338 F.2d 780, 782–83 (10th Cir.1964).

**7.** *Scherr v. Volpe,* 466 F.2d 1027, 1035 (7th Cir. 1972).

**8.** *W.R. Grace & Co. v. Local Union 759, Int'l Union of United Rubber, Cork, Linoleum & Plastic Workers,* 461 U.S. 757, 770 n. 14, 103 S.Ct. 2177, 2185 n. 14, 76 L.Ed.2d 298 (1983); *First Mississippi National Bank v. Ladner,* 799 F.2d 1023, 1026 (5th Cir.1986); *see* Note, 99 Harv.L. Rev. at 832–33.

Courts that have waived the bond requirement have done so without determining whether the plaintiff should be excused from liability even if it had wrongfully obtained the injunction. If the plaintiff's claim subsequently proved to be nonmeritorious, the court would be compelled either to follow the rule that restricts liability to the bond amount and thus unjustly deny the defendant compensation, or to compensate the defendant, thus defeating the reasonable expectations of the plaintiff under Rule 65(c).[9]

█ In this case, the district court increased the already substantial bond of $200,000 to ensure that Incepts would be compensated for any additional damages that it might suffer in the time before trial. When the appeal is heard on the merits, we would review the district court's order pursuant to an abuse-of-discretion standard,[10] but it appears that there is a substantial likelihood that Continuum may obtain an order continuing the injunction in effect and reducing the amount of the bond, for Incepts proffered little more than conclusory evidence to the district court to support its contention that the bond should be increased. In contrast, Continuum has presented evidence that its annual profit is $2.5 million, indicating that it would be able to satisfy any judgment for damages that might be obtained against it as a result of a wrongful issuance of the injunction, but that providing a bond in the amount of $2,000,000 would impose great hardship on it and, as a practical matter, might well render the injunction infeasible or useless to it.

Because Incepts might suffer damages in excess of $200,000 if the injunction were eventually held to have been wrongfully issued, it should be shielded against that contingency if protection can be provided without imposing undue hardship on Continuum. We, therefore, stay, pending decision of the appeal to this court, the order of the district court modifying the amount of the bond, contingent upon Continuum continuing its bond of $200,000 in full force and, in addition, filing an undertaking with this court that the amount of the bond will not limit the amount of damages for which it might be liable, should it be liable for any, as a result of a wrongful issuance of the injunction.

The parties are to meet within 48 hours after issuance of this order to attempt to agree jointly on the form of the undertaking described. If they cannot agree, Continuum is to submit to the court within 5 days thereafter the form of undertaking it proposes and Incepts is to submit within 3 days thereafter its comments on, and objections to, Continuum's proposal.

The trial court, which, of course, has control of its docket, has indicated in pretrial orders that it will monitor pretrial procedures to avoid delays in the trial, now scheduled for September. It should seek to complete both the trial and its decision at the earliest possible date. Since Continuum has indicated its readiness for an early trial date, Incepts may itself minimize its possible damages by seeking an earlier trial date.

Incepts' motion for damages for a frivolous appeal is dismissed as patently without merit. It is the kind of misuse of the sanctions procedure that wastes the time of counsel and of the court.

The STAY of the district court's order dissolving the injunction and increasing the amount of the bond is CONTINUED in effect pending further orders of this court.

---

9. *See* Note, 99 Harvard L.Rev. at 829–30 & nn. 8–9.

10. 11 Wright & Miller, Federal Practice & Procedure § 2954, pp. 525–26.