**The CONTINUUM COMPANY, INC.,**
**Plaintiff–Appellant,**

v.

**INCEPTS, INC., ABS Ventures II, and**
**ABA Excelsior II,**
**Defendants–Appellees.**

**No. 89–1329.**

United States Court of Appeals,
Fifth Circuit.

July 26, 1989.

---

**334**

William A. Brewer, III, John W. Bickel, II, Francis B. Marjorie, Christopher M. Nolland, Bickel & Brewer, Dallas, Tex., for plaintiff-appellant.

Hubert Crouch, III, E. Stratton Horres, Jr., Gardere & Wynne, Dallas, Tex., for defendants-appellees.

Before RUBIN, GARWOOD, and DAVIS, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

In our prior order, we continued our stay of the district court's order increasing the amount of the bond and dissolving the injunction contingent upon Continuum continuing its bond of $200,000 in full force and filing an undertaking with this court that the amount of the bond will not limit the amount of damages for which it might be liable, should it be liable for any, as a result of a wrongful issuance of the injunction. In its Motion to Reconsider, Incepts claims: we lacked jurisdiction over Continuum's appeal; we considered evidence outside of the record; and the undertaking filed by Continuum is inadequate to protect Incepts' rights should the injunction be found to have been wrongfully issued.

■ Continuum appealed the district court's order continuing the injunction in force on the condition that the bond be increased from $200,000 to $2,000,000, and ordering the injunction dissolved if Continuum did not file the increased bond by April 14, 1989. Had the district court merely increased the bond, that order may not have been immediately appealable as an interlocutory order under 28 U.S.C. 1292(a)(1).[1] The threat of dissolution implicit in such an increase, insufficient to

---

1. *See Hitachi Zosen Clearing, Inc. v. Tek–Matik, Inc.*, 846 F.2d 27, 28 (6th Cir.1988); *United States v. Bedford Associates*, 618 F.2d 904, 916 n. 23 (2nd Cir.1980).

warrant immediate appellate review, is made explicit, however, when the court orders the injunction to be dissolved on a certain date. Just as a district court's opinion is made appealable when the court enters final judgment,[2] so is a court's interlocutory order made immediately appealable when the court actually sets aside an injunction. The district court's issuance of an order executing its opinion infuses that opinion with the finality necessary to warrant appellate review.

■ When determining that there was a "substantial likelihood that Continuum may obtain an order continuing the injunction in effect and reducing the amount of the bond," [3] we relied, in part, on an affidavit not contained in the record, but submitted by Continuum with its emergency motion for a stay. Incepts claims that we should not have considered Gilmore's affidavit under F.R.A.P. 10(a); Continuum responds that it properly submitted the affidavit under F.R.A.P. 27(a).

If Continuum's financial condition indicates that it would be able to satisfy a judgment for damages that might be obtained against it as a result of the wrongful issuance of this injunction, but that providing a bond in the amount of $2,000,000 would impose great hardship on it, there is no need for Continuum to post the increased bond provided it files an undertaking with the court waiving the limit on damages. Because our resolution of the issue before us depends on Continuum's economic condition, we appoint the Honorable Robert B. Maloney, United States Judge for the Northern District of Texas, as special master,[4] to determine Continuum's present financial condition and make findings of fact and recommendations concerning its capacity to pay a judgment against it should the injunction be found to have been wrongfully issued, and the financial problems, if any, that would be imposed on it were it required to post a

$2,000,000 bond. The special master shall hold an evidentary hearing to consider Gilmore's testimony and any other testimony relevant to Continuum's financial state.

■ Incepts' challenge to the validity of the undertaking submitted by Continuum as a form of security is contradicted by F.R.A.P. 8(b) and F.R.Civ.P. 65.1 which endow the courts of appeal and district courts with authority to order security "in the form of a bond or stipulation or other undertaking." Should the injunction be found to have been wrongfully issued, the undertaking, enforceable in federal court,[5] secures Incepts' right to damages, should there be any, in excess of the amount of the bond.

Continuum has submitted a proposed form of undertaking. Incepts objects to some of the terms of the Continuum proposal. Having considered both Continuum's proposal and Incepts' objection, we approve an undertaking (in relevant part) in the form attached.

Incepts' Motion to Reconsider is, therefore, GRANTED IN PART and DENIED IN PART. Continuum's Motion for a stay of the district court's increase in the amount of the bond is CONTINUED conditioned on its execution of an undertaking in the form attached as Appendix A with this court within five days of the issuance of this order. The Honorable Robert B. Maloney is appointed as special master to make findings of facts and recommendations as set forth above. The court will then consider whether the stay should be continued or whether other action should be taken.

### APPENDIX A

The undertaking shall provide in relevant part:

In the event it is determined that the Temporary Injunction entered by the 193rd Judicial District Court, Dallas County, Texas on January 21, 1988 (the

2. F.R.A.P. 4(a).

3. *Continuum Co., Inc. v. Incepts, Inc.,* 873 F.2d 801, 804 (5th Cir.1989).

4. F.R.C.P. 53; *see NLRB v. Decaturville Sportswear Co., Inc.,* 518 F.2d 788, 789–90 (6th Cir.), *cert. denied,* 423 U.S. 913, 96 S.Ct. 217, 46 L.Ed.2d 141 (1975).

5. See 28 U.S.C. §§ 1352, 1450.

"Injunction") was wrongfully issued, the undersigned (Continuum) undertakes and acknowledges that the amount of the $200,000 bond currently in effect will not limit the amount of damages for which it may be liable to Incepts, Inc. ("Incepts"), should the undersigned be liable for any damages as a result of a wrongful issuance of the Injunction. Nothing herein shall be construed as relieving Incepts of its obligation to prove in accordance with applicable law that, as a result of the wrongful issuance of the Injunction, Incepts was damaged, and the amount of any such damages.