936 F.2d 573
 137 L.R.R.M. (BNA) 2760, 138 L.R.R.M. (BNA) 2976
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner (86-5182),
Respondent (86-5210)
v.
H & H PRETZEL COMPANY, Respondent (86-5182),
Bakery Drivers' Union Local 52 International Brotherhood of
Teamsters, Chauffeurs, Warehousemen & Helpers of
America, Petitioner (86-5210).
 Nos. 86-5182, 86-5210.
 United States Court of Appeals, Sixth Circuit.
 June 25, 1991.
 
 Before NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges, and JOINER, Senior District Judge.*
 PER CURIAM.
 
 
 1
 This matter is before the court on a petition by the NLRB, filed June 5, 1989 in this court, asking this court to hold H & H in contempt for failing to comply with this court's judgment in NLRB v. H & H Pretzel Co., 831 F.2d 650 (6th Cir.1987). This court assigned the petition to a special master for findings. Thereafter, the master allowed a period of discovery, the filing of an amended petition and finally held an evidentiary hearing on March 5, 1990. The parties also submitted post-hearing briefs.
 
 
 2
 On June 27, 1990, the special master filed his report recommending that H & H be found in contempt on the following grounds: (1) H & H unreasonably delayed in providing Local 52 with relevant information during the course of bargaining; (2) H & H refused to recognize Local 52 as the exclusive bargaining agent of the whole bargaining unit as provided in this court's enforcement order; (3) H & H attempted to change the size of the bargaining unit by contending that some of the drivers were not part of the unit due to existing individual contracts; and (4) that H & H did not engage in a reasonable period of good faith bargaining. The special master also recommended a number of remedial measures. These included a requirement that H & H pay all the NLRB's costs and attorney's fees resulting from the investigation and adjudication of the contempt charges, that the Company pay all of Local 52's costs associated with the post-judgment period during which H & H bargained in bad faith, and that the court order prospective compliance fines if H & H continues to refuse to follow this court's orders in the future.
 
 
 3
 The issue before the court is whether H & H failed to comply with this court's order. See McComb v. Jacksonville Paper Co., 336 U.S. 187, 191 (1949). The initial burden of demonstrating non-compliance rests on the Board which must show contumacious conduct by clear and convincing evidence. Local 98, United Ass'n of Journeymen, etc. v. NLRB, 497 F.2d 60, 64-65 (6th Cir.1974); NLRB v. Lynair, Inc., 380 F.2d 286, 288 (6th Cir.1967). This court reviews a special master's factual findings under a clearly erroneous standard. NLRB v. Decaturville Sportswear Co., Inc., 518 F.2d 788, 790 (6th Cir.) cert. denied, 423 U.S. 913 (1975). However, unlike the master's findings of fact, his conclusions of law are not entitled to any special deference. NLRB v. Sequoia District Council of Carpenters, 568 F.2d 628, 631 (9th Cir.1977).
 
 
 4
 We have carefully reviewed the proposed findings of fact and conclusions of law of the special master and find them to be supported by clear and convincing evidence in the record and consistent with the relevant precedent of this circuit and of the Supreme Court of the United States. Therefore, no useful legal or jurisprudential purpose would be served by the issuance of a duplicative opinion by this court. Accordingly, the report of the special master, filed June 27, 1990, is adopted in full.
 
 The following order will be entered:
 
 5
 The National Labor Relations Board, having filed a petition to adjudge H & H Pretzel Company and its agents in civil contempt for failing and refusing to comply with this court's order entered October 19, 1987, in NLRB v. H & H Pretzel Company, 831 F.2d 650 (6th Cir.1987); and Magistrate Jack B. Streepy in his capacity as Special Master having made a report recommending that respondents be adjudged in civil contempt of this court and required to purge themselves thereof:
 
 
 6
 It is ordered that the findings of fact and conclusions of the Special Master be approved and confirmed in all respects.
 
 
 7
 It is further ordered that H & H and its agents are hereby adjudged in civil contempt for violating and disobeying this court's aforesaid judgment.
 
 
 8
 It is further ordered that H & H and its officers, representatives, agents, successors and assigns shall purge themselves of such contempt by:
 
 
 9
 (a) Fully complying with and obeying the Court's October 19, 1987 judgment and the provisions of the NLRB order thereby enforced.
 
 
 10
 (b) Proceeding with representatives of Local 52 to set an initial bargaining date, not to exceed fifteen (15) days from the entry of this order, and thereafter proceeding to bargain in good faith, not less than three days each week during regular business hours, unless Local 52 agrees to fewer meetings during a particular week, until a full agreement or a bona fide impasse is reached, and if any understanding is reached, incorporating that understanding in a written agreement.
 
 
 11
 (c) Upon resumption of negotiations, recognize and bargain in good faith with Local 52 as the exclusive bargaining representative of all its employees in the bargaining unit as set forth in this court's and the NLRB's orders, which includes not delaying the furnishing of relevant information to Local 52; not insisting upon the maintenance of individual employment contracts among driver-employees; not refusing to recognize Local 52 as the exclusive representative of all the unit employees; and recognizing that any agreement reached between H & H and Local 52 will cover all the employees in the unit, including those employees with existing individual employment contracts.
 
 
 12
 (d) Refraining in any other manner to refuse to bargain in good faith with Local 52 as the exclusive representative of its employees or in any other manner interfering with, restraining or coercing employees in the exercise of their rights under Section 7 of the Act.
 
 
 13
 (e) Requiring H & H's authorized bargaining agents and representatives, including any individual agent authorized by H & H to negotiate on its behalf, to read this order and to signify in writing that they have read and understood it, and supplying the Eighth Regional Office of the NLRB with signed copies of the aforesaid acknowledgments.
 
 
 14
 (f) Filing sworn reports signed by a duly authorized representative of H & H participating in the bargaining with the Director of the Eighth Regional Office of the NLRB every thirty days, showing in detail the nature and course of the bargaining in summary form and appending thereto any written communications between Local 52 and H & H with respect to such bargaining.
 
 
 15
 (g) Immediately posting at H & H's Cleveland, Ohio facility in conspicuous places, including all places where notices to employees are customarily posted, for a period of sixty (60) consecutive days, copies of an appropriate notice in the form prescribed by the NLRB and signed by sole proprietor Raymond R. Hufford, which states that H & H has been adjudicated in civil contempt of court for violating, resisting, disobeying, and failing and refusing to comply with this court's judgment and that H & H will take action in purgation ordered by this court, copies of the contempt adjudication being posted therewith, and maintaining such notices in clearly legible condition throughout such posting period, and insuring they are not altered, defaced or covered by any other material.
 
 
 16
 (h) At its own expense, reproducing and mailing by certified mail, return receipt requested, to each of H & H's current employees and all former employees who were employed by H & H at its Cleveland, Ohio facility since October 19, 1987, a copy of the aforesaid notice and of the contempt adjudication and providing to the Director of the Eighth Regional Office of the NLRB a list of the names and addresses of all employees and former employees to whom the said notices were mailed, together with proof of mailing; and reading said notice by an appropriate representative of H & H, at a meeting called for that purpose, on working time, and H & H should give the Regional Director of the NLRB two weeks notice of the meeting in order to permit an NLRB agent to attend.
 
 
 17
 (i) Paying to the NLRB all costs and expenses, including reasonable attorney's fees, incurred by the NLRB in the investigation, preparation, presentation, and final disposition of this proceeding, said amount, unless agreed to by the parties, to be fixed by further order of this court upon submission by the NLRB, within sixty (60) days of the entry of this order, of a verified statement of such costs and expenses.
 
 
 18
 (j) Paying to Local 52 all costs and expenses, including reasonable agent and attorney's fees, incurred by Local 52 in the preparation for and participation in the collective bargaining sessions taking place after this court's judgment in October 1987, said amount, unless agreed upon by the parties, to be fixed by further order of this court upon submission by Local 52, within 60 days of this order, of a verified statement of such costs and expenses.
 
 
 19
 In order to assure against further violations of this court's orders, we impose a prospective fine of $10,000.00 against H & H and $1,000.00 against any persons with notice of this contempt order acting in concert with H & H, for any future violations of this Court's judgments, and a further prospective fine of $1,000.00 against H & H and $100.00 against any person acting in concert with H & H, respectively, for every day such violation continues.
 
 
 20
 It is so ordered.
 
 
 
 *
 Honorable Charles W. Joiner, Senior Judge for the United States District Court for the Eastern District of Michigan, sitting by designation