**In re ANTHONY SICARI, INC., Debtor.**

**Mitchell SHRON, as Trustee for Anthony Sicari, Inc.,**

v.

**M & G PROMO SERVICES, LTD., Mario Matarrese and Louise Matarrese, Defendants.**

**Nos. 90–31355, 92 Civ. 7658 (VLB).**

United States District Court, S.D. New York.

March 4, 1993.

Mitchell Shron, New Paltz, NY, for trustee.

Richard R. DuVall, McCabe & Mack, Poughkeepsie, NY, for defendants.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

### I

This bankruptcy appeal turns on whether or not a deposit of funds into the registry of a state court, pursuant to a stipulation in litigation which did not permit any refund of the monies to the debtor-depositor, effected an alienation of those funds so that they were not part of the debtor's bankruptcy estate. The Bankruptcy Court answered this question in the affirmative. 144 B.R. 656.

The deposit here was made by the debtor in the course of a state court lawsuit brought by an unpaid seller of real estate, who had accepted a check in exchange for a deed, only to find that the debtor had stopped payment on the check. The deposit into court was made in order to protect the seller's interest in securing payment based upon prior delivery of the deed.

The consequence of finding that an escrow was created more than 90 days before

the bankruptcy is to make the funds deposited available for the purpose intended, rather than permitting the debtor's trustee to attack the payment as preferential under 11 U.S.C. § 547.

I affirm the Bankruptcy Court's ruling.

## II

The trustee, citing *In re Lasercad Reprographics*, 106 B.R. 793 (Bankr. S.D.N.Y.1989), argues that for an escrow arrangement to be sufficient to effect a transfer of funds prior to the 90 day period would require 1) delivery to a third party of assets to be released under specified conditions (obviously present here); and 2) a valid escrow agreement between the parties. The trustee insists that a formal escrow agreement, labelled as such and delivered, is absent. But the equivalent can also be created by judicial action, which can be an effective surrogate for an escrow agreement in establishing a party's commitment to create an escrow. In this case the basis for such a commitment creating an escrow was particularly obvious because the debtor had contracted to purchase real estate; it had actually received a deed; and then it had stopped payment on its check for the purchase price, leading quite predictably to the state court litigation. A *lis pendens* in favor of the seller was cancelled based upon the debtor's making the $240,000 deposit into the court registry which is at issue here.

Where a judicial step is taken by a party in exchange for the release of a judicial restraint against that party, the judicial step taken must be respected if the legal system is to function. Commitments of this type may be modified only for good cause shown; their existence and effect may be neither ignored nor denied. See generally *W.R. Grace & Co. v. Local Union 759*, 461 U.S. 757, 770 n. 14, 103 S.Ct. 2177, 2185 n. 14, 76 L.Ed.2d 298 (1983); *Continuum Co. v. Incepts*, 873 F.2d 801 (5th Cir.), *adhered to & modified*, 883 F.2d 333 (5th Cir.1989).

A court order properly entered consistent with due process is entitled to full faith and credit. It can create legal relationships with at least as much authority as a contract, as indicated by Fed. R.Civ.P. Rule 70, contemplating issuances of titles and other self-executing documents. Indeed, court orders may bind third parties if they are not improperly prejudiced. *United States v. IBT*, 948 F.2d 98 (2d Cir.1992).

Apart from these juridical doctrines, from a practical point of view there was in the state court action an agreement that the *lis pendens* would be lifted in return for a specific judicial step—the deposit of $240,000 in the court registry. Execution by the seller pursuant to the stipulation required that the funds deposited in the registry of the court be held as an escrow. See generally "Model Software Licensing Provisions," Sec. of Patent, Trademark & Copyright Law, *Annual Report* at 335 § 17.4 (ABA 1990–91) (provisions for consent to future judicial action recommended).

There is no claim here that the acts of the parties in establishing the depository arrangement amounting to an escrow were unauthorized, see *Turner v. Burlington Northern R. Co.*, 771 F.2d 341, 345 (8th Cir.1985), or that overreaching was involved, see *Gauthier v. Continental Diving Services*, 831 F.2d 559 (5th Cir.1987). Nor is there any assertion that the terms of the deposit were vague or ambiguous, as was the order that would otherwise have constituted a contempt in *Berry v. Midtown Service Corp.*, 104 F.2d 107 (2d Cir.), *cert. dismissed* 308 U.S. 629, 60 S.Ct. 297, 84 L.Ed. 525 (1939).

## III

There is a statutory barrier to the trustee's claim: the state court action establishing the disputed fund was taken more than the prescribed 90 days prior to the commencement of the bankruptcy proceeding. But the equities as well favor the position of the seller of the real property here.

There was no discriminatory preference here in any realistic sense. It is not a situation where one of a number of similar-

ly situated creditors squeezed to the front of the line to get paid 100% on the dollar ahead of others. The stoppage of the check and the transfer of the property had occurred virtually simultaneously. The net result of the series of events involved here was that the debtor had to pay for the real estate it got. This leaves the other creditors in approximately the same position they would have held had the real estate transaction never taken place. The application of the Bankruptcy Code to this set of facts does not constitute a preference in either the generic or technical sense.

SO ORDERED.