7 F.3d 233
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
INTERNATIONAL SURPLUS LINES INSURANCE COMPANY, Plaintiff-Appellee,
v.
Jeremy Guy NELSON, et al. (93-3653), Defendants-Appellants,
Lexington Insurance Company (93-3654) Defendant-Appellant.
 Nos. 93-3653, 93-3654.
 United States Court of Appeals, Sixth Circuit.
 Oct. 1, 1993.
 
 Before MILBURN and GUY, Circuit Judges; and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 The defendants appeal an interlocutory order of the district court granting the plaintiff's motion to strike the defendants' answers and ruling that the defendants are required to post a preappearance security bond in this diversity contract dispute. The plaintiff now moves to dismiss these consolidated appeals on grounds that appellate jurisdiction is lacking. The defendants have filed responses in opposition to dismissal and the plaintiff has filed a reply.
 
 
 2
 Under 28 U.S.C. § 1291, the courts of appeals have jurisdiction over "appeals from all final decisions of the district courts of the United States...." A decision is final if it ends the litigation of its merits and leaves nothing for the district court to do but execute final judgment. Coopers & Lybrand v. Livesay, 437 U.S. 463, 468 (1978). The order at issue in this case did not terminate the litigation and was not final for purposes of § 1291. The defendants argue, however, that the order comes within the collateral order exception to the final judgment rule as established in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949).
 
 
 3
 To come within the small class of decisions exempted from the final judgment rule by Cohen, the order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from final judgment. Coopers & Lybrand, 437 U.S. at 468. If the order at issue fails to satisfy any one of these requirements, it is not appealable under the collateral order exception. Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 276 (1988).
 
 
 4
 In Hitachi Zozen Clearing, Inc. v. Tek-Matik, Inc., 846 F.2d 27, 29 (6th Cir.1988) this court held that "an order granting a motion for a preliminary injunction bond or other security is not immediately appealable under Cohen." The defendants attempt to distinguish Hitachi based, among other things, on the "sheer magnitude of ISLIC's request for security." We note, however, that the district court has yet to determine the amount of security to be posted. In addition, the district court docket sheet indicates that the defendants have motions for reconsideration presently pending in the district court. Cohen teaches that there can be no finality "[s]o long as the [collateral] matter remains open, unfinished, or inconclusive;" to be appealable under the collateral order doctrine, Cohen suggests, the district court's action on the appellant's application must be "concluded and closed...." Cohen, 337 U.S. at 546.
 
 
 5
 Nor are we persuaded by the defendants' alternative argument that this court has jurisdiction pursuant to 28 U.S.C. § 1292(a)(1) which permits immediate appeals from interlocutory orders of the district court "granting, continuing, modifying, refusing, or dissolving injunctions...." "[A]n order requiring the posting of a bond or other security device ... is not an immediately appealable, interlocutory order as described in 28 U.S.C. § 1292(a)(1)." Hitachi, 846 F.2d at 28-29. Section 1292(a)(1) was intended to carve out only a limited exception to the final judgment rule and the statute is narrowly construed. See Carson v. American Brands, Inc., 450 U.S. 79, 84 (1981). Orders that in no way touch on the merits of the claim but only relate to pretrial procedures are not injunctive orders within the meaning of § 1292(a)(1). Switzerland Cheese Ass'n, Inc. v. E. Horne's Market, Inc., 385 U.S. 23, 25 (1966).
 
 
 6
 It is therefore ORDERED that the plaintiff's motion to dismiss is granted.