10-1358-cv
Nokia Corporation v. InterDigital, Inc., et al.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

_____

August Term, 2010

(Argued: March 7, 2011             Decided: May 23, 2011)

Docket No. 10-1358-cv

_____

NOKIA CORPORATION,

*Plaintiff-Appellee,*

v.

INTERDIGITAL, INC., INTERDIGITAL COMMUNICATIONS, LLC, AND INTERDIGITAL TECHNOLOGY CORPORATION,

*Defendants-Appellants.*[*]

Before: WALKER, B.D. PARKER, and HALL, *Circuit Judges.*

_____

Appeal from an order of the United States District Court for the Southern District of New York (Batts, *J.*), denying Defendants-Appellants' motion to recover against a preliminary injunction bond posted pursuant to Fed. R. Civ. P. 65(c). We hold that a wrongfully enjoined party is entitled to a presumption in favor of recovery against an injunction bond. We also conclude that the district court's decision was insufficient to permit meaningful appellate review.

VACATED and REMANDED.

_____

PATRICK J. FLINN (Thomas J. Parker, Janice A. Christensen, *on the brief*), Alston & Bird LLP, New York, NY, *for Plaintiff-Appellee.*

GIDEON A. SCHOR (Joshua A. Plaut, *on the brief*), Wilson Sonsini Goodrich & Rosati, Professional Corporation, New York, NY, *for Defendants-Appellants.*

_____

[*] The Clerk of Court is directed to amend the official caption to read as shown above.

BARRINGTON D. PARKER, *Circuit Judge*:

InterDigital, Inc. (along with two affiliated companies) appeals from an order of the United States District Court for the Southern District of New York (Batts, *J.*) denying its motion, made after a preliminary injunction was vacated by this Court, to recover damages against an injunction bond posted by Nokia Corporation. InterDigital's main contentions are that the district court incorrectly concluded that the damages sought were not proximately caused by the injunction and that, in deciding this issue, the district court should have applied a presumption in favor of recovery against the bond. We conclude that both of these contentions have merit. However, we find that the district court did not resolve InterDigital's motion with sufficient clarity to permit meaningful appellate review. Therefore, we vacate the order and remand for reconsideration and clarification.

## BACKGROUND

In September 2007, in response to a complaint filed by InterDigital alleging that Nokia had infringed certain of its patents, the United States International Trade Commission ("ITC") initiated an investigation. Months earlier, InterDigital had filed a complaint with the ITC against Samsung Electronics Co., Ltd., and two of its affiliates, making similar allegations, also prompting an ITC investigation. In October 2007, in response to a motion by Nokia, the ITC consolidated its investigations involving Nokia and Samsung. In December 2007, Nokia moved to stay the consolidated investigation as to Nokia on the ground that, pursuant to a 1999 agreement between Nokia and InterDigital, the two entities were required to arbitrate the dispute. In January 2008, the ITC denied Nokia's motion for a stay on the ground that its conduct in the ITC proceedings, and in earlier related litigation, evidenced an intention to litigate rather than arbitrate the dispute in question.

The following month, Nokia sued InterDigital in the Southern District of New York. Specifically, Nokia sought to compel InterDigital to arbitrate the question of whether Nokia had licenses to the patents in question; to enjoin InterDigital from participating in the ITC proceedings against Nokia pending arbitration; and, in the alternative, to obtain a declaratory judgment that Nokia held valid licenses to the patents.

In March 2008, the district court granted Nokia's motion for a preliminary injunction and ordered InterDigital to stay or terminate the ITC proceedings against Nokia, and to arbitrate the infringement claim with Nokia. As a condition of obtaining the injunction, the court required Nokia to post a $500,000 bond. *See* Fed. R. Civ. P. 65(c) ("The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained.").

InterDigital appealed the preliminary injunction to this Court, and we vacated it. *Nokia Corp. v. InterDigital, Inc.*, No. 08-1642-cv, 2008 WL 2951912 (2d Cir. July 31, 2008) (summary order). We concluded that Nokia, through repeated, intentional resort to the judicial process to resolve questions about the scope of the patents and licenses in question, had waived its right to arbitrate those questions. We remanded the case to the district court, which dismissed Nokia's complaint in its entirety. *Nokia Corp. v. InterDigital, Inc.*, No. 08 Civ. 1507, 2009 WL 585848 (S.D.N.Y. Mar. 5, 2009).

During the period when the preliminary injunction was in place, Nokia and InterDigital undertook to comply with it. Nokia initiated arbitration proceedings with InterDigital, and InterDigital discontinued the ITC proceeding against Nokia and separately pursued its claims against Samsung, which were ultimately resolved. InterDigital alleges that it incurred

3

substantial legal fees and expenses in connection with its effort to comply. Consequently, after the district court dismissed Nokia's complaint, InterDigital moved to recover against the injunction bond.

Mainly, InterDigital sought to recover attorneys' fees and expenses incurred in moving to stay the ITC proceedings, preparing to arbitrate with Nokia, and deconsolidating the Samsung and Nokia ITC Proceedings. InterDigital also sought to recover allegedly duplicative costs incurred as a result of litigating separate proceedings against Nokia and Samsung. The amount sought by InterDigital exceeded the face amount of the bond.

In March 2010, the district court denied InterDigital's motion in a one-paragraph order which stated, in its entirety:

> On April 3, 2009, Defendants moved to recover against the preliminary injunction bond filed by Plaintiff. Defendants argue that their attorneys' fees are damages because they were caused by the issuance of the wrongful injunction. The Court has reviewed the papers of the Parties and finds that the Defendants have failed to convert attorneys' fees incurred because of the injunction into damages. Fed. R. Civ. P. 65(c) governs Defendants' right to recover upon a wrongful injunction, and the legal standard in the Second Circuit for Rule 65(c) damages is the law of proximate cause. *Blumenthal v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 910 F.2d 1049, 1054 (2d Cir. 1990) (wrongfully enjoined parties "are entitled to damages as may be shown to have been proximately caused by the injunction . . . up to the amount of the bond"). Defendants have failed to show that their attorneys' fees were proximately caused by the injunction. Accordingly, Defendants' Motion to Recover Against the Preliminary Injunction Bond is DENIED.

On appeal, InterDigital asserts that the district court erred in two respects. First, it erroneously shifted the burden of establishing entitlement to recovery against the bond to InterDigital and instead should have applied a rebuttable presumption in favor of recovery. Second, the district court incorrectly concluded that InterDigital failed to establish the damages proximately caused by the injunction.

**DISCUSSION**

**I. Presumption in Favor of Recovery**

We first consider the question of whether a wrongfully enjoined party is entitled to a presumption in favor of recovery against a bond posted pursuant to Rule 65(c), a question of first impression in this Circuit. As a preliminary matter, we note that a district court's decision to grant or deny recovery against an injunction bond is, generally stated, reviewed for abuse of discretion. However, because we hold that wrongfully enjoined parties are entitled to a presumption in favor of recovery against the bond for provable damages, the court's discretion should be exercised in a manner consistent with this presumption. *See Coyne-Delany Co., Inc. v. Capital Dev. Bd. of Ill.*, 717 F.2d 385, 392 (7th Cir. 1983). The resulting standard "amounts to stricter review along the sliding scale of the abuse [of discretion] standard." *Global NAPs, Inc. v. Verizon New Eng., Inc.*, 489 F.3d 13, 23 (1st Cir. 2007); *see also Coyne-Delany*, 717 F.2d at 392 ("When rules prescribe a course of action as the norm but allow the district court to deviate from it, the court's discretion is more limited than it would be if the rules were nondirective.").

We conclude that a presumption in favor of recovery is warranted for several reasons. Rule 65(c)'s bond requirement serves a number of functions. It assures the enjoined party that it may readily collect damages from the funds posted in the event that it was wrongfully enjoined, and that it may do so without further litigation and without regard to the possible insolvency of the plaintiff. *See Continuum Co., Inc. v. Incepts, Inc.*, 873 F.2d 801, 803 (5th Cir. 1989). In addition, the bond provides the plaintiff with notice of the maximum extent of its potential liability. *See id.; see also Alliance Bond Fund, Inc. v. Grupo Mexicano De Desarrollo, S.A.*, 190 F.3d 16, 20 (2d Cir. 1999) ("[T]he applicant for the injunction consents to liability up to the amount of the bond, as the price for the injunction." (quoting *Blumenthal v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,

910 F.2d 1049, 1054) (2d Cir. 1990) (alterations omitted)).  As this Court has previously

explained:

> Th[e injunction bond] rule has its origin in early equity practice.  The chancellor had
> limited authority to award damages directly, but had broad discretion to frame orders
> granting injunctions.  The practice grew up of conditioning the grant of a preliminary
> injunction on a plaintiff's agreement to post a bond to cover any damages that might
> result if it were later determined that plaintiff was not entitled to an injunction.

*Commerce Tankers Corp. v. Nat'l Mar. Union of Am., AFL-CIO*, 553 F.2d 793, 800 (2d Cir. 1977)

(citation omitted); *accord Blumenthal*, 910 F.2d at 1054-55 (2d Cir. 1990).

Justice Stevens explained the underlying purpose of injunction bonds in *Edgar v. MITE*

*Corp.*:

> Since a preliminary injunction may be granted on a mere probability of success on the
> merits, generally the moving party must demonstrate confidence in his legal position
> by posting bond in an amount sufficient to protect his adversary from loss in the event
> that future proceedings prove that the injunction issued wrongfully.

457 U.S. 624, 649 (1982) (Stevens, J., concurring in part and concurring in the judgment); *see also*

*Global NAPs*, 489 F.3d at 21 ("[The party seeking an injunction] made a business judgment that it

was willing to incur the 'cost' of a possibly wrongful injunction in order to take its appeal.");

*Sprint Commc'ns Co. L.P. v. CAT Commc'ns Int'l, Inc.*, 335 F.3d 235, 240 (3d Cir. 2003) ("The

[injunction] bond can . . . be seen as a contract in which the court and the applicant 'agree' to the

bond amount as the 'price' of a wrongful injunction." (quoting *Instant Air Freight Co. v. C.F. Air*

*Freight, Inc.*, 882 F.2d 797, 805 n.9 (3d Cir. 1989) (alterations omitted))).  Because all of this

authority teaches that claims against injunction bonds can and should be expected when

injunctions are found to be wrongful, we believe that a rebuttable presumption in favor of recovery

constitutes a correct approach to Rule 65(c).

6

The existence of such a presumption is strongly implied by the text of Rule 65(c), which permits a court to issue a preliminary injunction "only if the movant gives security in an amount that the court considers proper *to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained*." Fed. R. Civ. P. 65(c) (emphasis added). The drafters' choice of words indicates that where a bond is posted, it serves as security for the "costs and damages" incurred by the wrongfully restrained party. If they intended that district courts would have unfettered discretion as to how to handle costs associated with a wrongfully obtained injunction, certainly Rule 65(c) would have been worded differently. As Judge Posner concluded in *Coyne-Delany*, the text of Rule 65(c) suggests that "[t]he draftsmen must have intended that when . . . damages were incurred[,] the plaintiff . . . would normally be required to pay the damages, at least up to the limit of the bond." 717 F.2d at 391 (citation omitted); *see also Global NAPs*, 489 F.3d at 23 ("[T]he preference for recovery of security granted under Rule 65(c) . . . [is] 'implied by the text of Rule 65(c).'" (quoting *Coyne-Delany*, 717 F.2d at 392)).

Other circuits that have explicitly addressed the question of whether a presumption in favor of recovery applies have answered it in the affirmative. *See Global NAPs*, 489 F.3d at 23 ("[W]e adopt the majority rule that there is a rebuttable presumption that a wrongfully enjoined party is entitled to have the security executed so as to recover provable damages up to the amount of the security."); *Nintendo of Am., Inc. v. Lewis Galoob Toys, Inc.*, 16 F.3d 1032, 1036 (9th Cir. 1994) ("[W]e join what appears to be the majority and hold there is a rebuttable presumption that a wrongfully enjoined party is entitled to have the bond executed and recover provable damages up to the amount of the bond."); *Nat'l Kidney Patients Ass'n v. Sullivan*, 958 F.2d 1127, 1134 (D.C. Cir. 1992) ("[A] defendant injured by a wrongfully issued preliminary injunction is presumptively entitled to recovery on the injunction bond."); *Coyne-Delany*, 717 F.2d at 392 ("In deciding

7

whether to withhold costs or injunction damages . . . the district court [is] to be guided by the implicit presumption in Rule[] . . . 65(c) in favor of awarding them . . . .”); *accord Ala. ex rel. Siegelman v. U.S. Envtl. Prot. Agency*, 925 F.2d 385, 390 (11th Cir. 1991) (applying “the *Coyne-Delaney* view of discretion under Rule 65(c)).[1] We now join this majority.

Although we hold that a wrongfully enjoined party is entitled to a presumption in favor of recovery, that party is not automatically entitled to the damages sought. The presumption applies to “provable” damages. *Global NAPs*, 49 F.3d at 23; *Nintendo*, 16 F.3d at 1036. Thus, the wrongfully enjoined party must first demonstrate that the damages sought were proximately caused by the wrongful injunction. *See Blumenthal*, 910 F.2d at 1056 (“[Wrongfully enjoined parties] are entitled to damages as may be shown to have been proximately caused by the injunction, up to the amount of the bond.” (citation omitted)); *see also Nintendo*, 16 F.3d at 1038 (requiring that party seeking recovery “establish[] with *reasonable* certainty that it was damaged by the issuance of the injunction” (emphasis added)). The wrongfully enjoined party must also

---

[1] The approach in at least two circuits is somewhat less clear. *Compare Continuum Co., Inc. v. Incepts, Inc.*, 873 F.2d 801, 803 (5th Cir. 1989) (“Th[e injunction] bond requirement . . . assures the enjoined party that it may *readily collect* damages from the funds posted or the surety provided in the event that it was wrongfully enjoined, without further litigation and without regard to the possible insolvency of the assured.” (emphasis added)), *and Atomic Oil Co. of Okla. v. Bardahl Oil Co.*, 419 F.2d 1097, 1100-01 (10th Cir. 1969) (“Rule 65(c) states in mandatory language that the giving of security is an absolute condition precedent to the issuance of a preliminary injunction. It imports no discretion to the trial court to mitigate or nullify that undertaking after the injunction has issued.”), *with H & R Block, Inc. v. McCaslin*, 541 F.2d 1098, 1099 (5th Cir. 1976) (“The awarding of damages pursuant to an injunction bond rests in the sound discretion of the court’s equity jurisdiction.”), *and State of Kan. ex rel. Stephan v. Adams*, 705 F.2d 1267, 1269 (10th Cir. 1983) (“[T]he decision whether to award damages, and the extent thereof, is in the discretion of the district court and is based upon considerations of equity and justice.”).

properly substantiate the damages sought. However, the party's proof of damages "d[oes] not need to be to a mathematical certainty." *Global NAPs*, 489 F.3d at 24.

Once the party seeking recovery adequately establishes its damages, it is entitled to a presumption in favor of recovery. Applying this presumption, the district court must have a "good reason" to deny recovery against the bond. *Id.* at 23; *Milan Exp., Inc. v. Averitt Exp., Inc.*, 254 F.3d 966, 981 (11th Cir. 2001). The burden of demonstrating that recovery should be denied is on the party opposing recovery. Good reasons to deny recovery of all or a portion of the alleged damages would be that the damages sought were unreasonable in amount or that a party failed to mitigate them. *See Coyne-Delany*, 717 F.2d at 392; *see also Intercapital Debt Trading Ltd. v. Cantor Fitzgerald Inc.,* No. 94 CIV 9275, 1996 WL 167820, at *1-2 (S.D.N.Y. Apr. 10, 1996) ("'[A] good reason for not awarding damages against [a] Fed. R. Civ. P. 65(c) security would be that the defendant had failed to mitigate damages.'" (quoting *Coyne-Delany*, 717 F.2d at 392) (alterations omitted)).

**II. InterDigital's Motion to Recover**

As previously noted, the district court denied InterDigital's motion to recover fees and expenses allegedly caused by the injunction. However, the court's order does not provide us with a sufficiently clear explanation of its reasoning to permit meaningful review. For example, we are not clear what the court meant when it observed that "the Defendants have failed to convert attorneys' fees incurred because of the injunction into damages." We are also uncertain of the basis for the court's conclusion that "Defendants have failed to show that their attorneys' fees were proximately caused by the injunction."

Neither party seems to dispute that InterDigital was "wrongfully enjoined." *See Guzman v. Local 32B-32J, Serv. Emps. Int'l Union*, 72 F.3d 260, 263 (2d Cir. 1995) ("[A] party has been

wrongfully enjoined [if it has been] ordered to do something it had a right to refrain from doing or to cease doing something it had a right to continue doing."); *Blumenthal*, 910 F.2d at 1054 ("The focus of the 'wrongfulness' inquiry is whether, in hindsight in light of the ultimate decision on the merits after a full hearing, the injunction should not have issued in the first instance.").  Thus, the central dispute is whether the attorneys' fees and other legal expenses sought by InterDigital were "proximately caused" by the injunction.

Nokia contends that attorneys' fees and legal expenses, whether expended in the defense of the injunction motion or in a collateral proceeding, are not recoverable.[2]  It is true that under the "American Rule" a prevailing party is generally not entitled to collect attorneys' fees from the losing party.  *See Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 448 (2007); *see also Bliven v. Hunt*, 579 F.3d 204, 212 (2d Cir. 2009) ("[T]he general 'American Rule' is that the prevailing party in federal court litigation is not entitled to recover legal fees incurred in the conduct of *that* litigation . . . ." (emphasis added)).  This rule appears to be rooted in early efforts by Congress to prevent "losing litigants [from] being unfairly saddled with exorbitant fees for the victor's attorneys."  *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 251 (1975).

Consistent with this general rule against fee-shifting, it has long been established that a prevailing party may not generally collect as damages against an injunction bond attorneys' fees expended in litigating the injunction.  *See Tullock v. Mulvane*, 184 U.S. 497, 509-14 (1902); *Salvage Process Corp. v. Acme Tank Cleaning Process Corp.*, 104 F.2d 105, 107 (2d Cir. 1939);

---

[2] InterDigital speculates that the district court may have adopted this position when it determined that InterDigital "failed to convert attorneys' fees incurred because of the injunction into damages."

*see also Matek v. Murat*, 862 F.2d 720, 734 (9th Cir. 1988) ("Attorney's fees are not recoverable as damages in an action on an injunction bond."), *abrogated on other grounds by Koch v. Hankins*, 928 F.2d 1471 (9th Cir. 1991); *Fireman's Fund Ins. Co. v. S.E.K. Constr. Co.*, 436 F.2d 1345, 1352 (10th Cir. 1971) ("Under [Rule 65(c)] attorneys' fees . . . are not recoverable." ).

This principle is well established, and we adhere to it. However, this principle does not control here because InterDigital does not seek to recover attorneys' fees or legal expenses that it incurred in litigating the injunction. Instead, it seeks to recover fees and expenses that it incurred in complying with the injunction. Recovery of such costs, incurred in collateral proceedings required by the terms of a wrongful injunction, does not contravene the American Rule or its Rule 65(c) analogue. Nor would permitting recovery under these circumstances risk "unfairly saddling" losing parties with the prevailing parties' attorneys' fees. Instead, permitting recovery is consistent with the purpose of an injunction bond—to cover the costs and damages incurred as a result of complying with a wrongful injunction.

Having concluded that wrongfully enjoined parties are entitled to a presumption in favor of recovery, and that the American Rule does not bar recovery here, we remand for the district court to reconsider its denial of InterDigital's motion to recover and to provide further explanation for its conclusion. We note, however, that in light of the presumption and principles we have discussed, we are inclined to think that at least a portion of InterDigital's alleged damages may be recoverable. For example, the causal relationship between the preliminary injunction and the cost incurred by InterDigital to file a motion to stay the ITC proceedings against Nokia seems clear—the stay was an explicit requirement of the preliminary injunction. Specifically, the injunction stated: "InterDigital shall file by April 11, 2008 a motion to stay the ITC Proceeding

11

with respect to Nokia." Thus, provided that they are properly substantiated, and absent good reason to deny recovery, we are inclined to think that these costs are recoverable.

Whether InterDigital should be able to recover the remaining damages alleged—expenses incurred to prepare for arbitration with Nokia and to deconsolidate the ITC proceedings, and duplicative litigation costs allegedly resulting from deconsolidation—raises closer questions. As part of its reconsideration on remand, we leave it to the district court to resolve these questions in the first instance.

## CONCLUSION

The district court's order is **VACATED** and the case is **REMANDED** for further proceedings consistent with this opinion.