11-3040-cv
Nokia Corporation v. InterDigital, Inc., InterDigital Communications, LLC, InterDigital Technology Corporation,

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of April, two thousand twelve.

PRESENT:
> JOHN M. WALKER, JR.,
> BARRINGTON DANIELS PARKER, JR.,
> PETER W. HALL,
> > *Circuit Judges.*

—————————————————————————————

NOKIA CORPORATION,

> *Plaintiff-Appellant*,

> v.                                                    No. 11-3040-cv

INTERDIGITAL, INC.,
INTERDIGITAL COMMUNICATIONS, LLC,
INTERDIGITAL TECHNOLOGY CORPORATION,
> *Defendants-Appellees*.[*]

—————————————————————————————


FOR PLAINTIFF-APPELLANT:          PATRICK J. FLINN, Alston & Bird LLP, New York, New York.

FOR DEFENDANTS-APPELLEES:          GIDEON A. SCHOR, Wilson Sonsini Goodrich & Rosati, P.C., New York, New York.

—————————————————

[*] The Clerk of the Court is directed to amend the caption as set forth above.

Appeal from a judgment of the United States District Court for the Southern District of New York (Batts, J.). **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Nokia Corporation ("Nokia") appeals from the district court's judgment awarding the full amount of Nokia's preliminary injunction bond to Defendants-Appellees InterDigital, Inc., InterDigital Communications, LLC, and InterDigital Technology Corporation (collectively, "InterDigital"). We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

"[A] district court's decision to grant or deny recovery against an injunction bond is, generally stated, reviewed for abuse of discretion." *Nokia Corp. v. InterDigital, Inc.*, 645 F.3d 553, 557 (2d Cir. 2011). "A district court abuses its discretion when (1) its decision rests on an error of law (such as the application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *Raedle v. Credit Agricole Indosuez*, 670 F.3d 411, 417 (2d Cir. 2012) (quotation marks omitted). Because "wrongfully enjoined parties are entitled to a presumption in favor of recovery against the bond for provable damages," however, "the court's discretion should be exercised in a manner consistent with this presumption." *Nokia*, 645 F.3d at 557. "The resulting standard amounts to stricter review along the sliding scale of the abuse of discretion standard." *Id.* (alterations, quotation marks, and citations omitted).

2

With this presumption in mind, we hold the district court did not abuse its discretion by concluding that at least $500,000 of InterDigital's well-substantiated damages were proximately caused by the imposition of the preliminary injunction. *See id.* at 559 ("[T]he wrongfully enjoined party must first demonstrate that the damages sought were proximately caused by the wrongful injunction."). Indeed, we need not consider InterDigital's arguments regarding the cost of staying and deconsolidating the proceedings before the International Trade Commission ("ITC"), because InterDigital's outlays preparing for the arbitration of Nokia's license defense, standing alone, surpass the total value of the bond. Nokia counters that it had already asserted its license defense in the underlying ITC proceeding, so InterDigital would have had to incur the license defense costs regardless of the injunction. But Nokia's prediction that InterDigital "would have" disputed its license defense (as opposed to, for example, settling the case) is pure speculation, and the district court permissibly concluded otherwise.

InterDigital being entitled to a presumption in favor of recovery, the district court was required to honor that presumption unless it found "good reason" to deny recovery. *See id.* at 559. Nokia asserts, *inter alia*, there was "good reason" to deny at least some of that recovery because InterDigital's claimed damages from arbitration are "grossly excessive." Not surprisingly, InterDigital contends that the time its attorneys spent on the case was necessary. After considering that issue, the district court concluded that there were no good reasons to bar recovery. We will not disturb that exercise of discretion on appeal. *See Raedle*, 670 F.3d at 417; *see also Fox v. Vice*, 131 S. Ct. 2205, 2216 (2011) ("[T]he determination of fees should not result in a second major litigation." (quotation marks omitted)).

3

We have considered the remainder of Nokia's arguments, including that InterDigital failed to mitigate the cost of deconsolidating the International Trade Commission proceeding and that those costs were not proximately caused by the preliminary injunction, and we find them to be without merit. **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk